GEOFFREY A. HANSEN
Acting Federal Public Defender
ANGELA M. HANSEN
Assistant Federal Public Defender
555 - 12th Street, Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for Defendant FISH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR-12-00086 YGR |
|---|---|---|
| Plaintiff, | ) | STIPULATION AND ORDER TO CONTINUE HEARING DATE TO JUNE 7, 2012 AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT |
| v. | ) | |
| DAMON FISH, | ) | |
| Defendant. | ) | Date: May 10, 2012<br>Time: 2:00 p.m. |

The above-captioned matter is set on May 10, 2012 before this Court for a status hearing. The parties jointly request that the Court continue the matter to June 7, 2012, at 2:00 p.m., before this Honorable Court, and that the Court exclude time under the Speedy Trial Act, 18 U.S.C. § 3161, between May 10, 2012 and June 7, 2012, so that the defense can have more time to assess the discovery in this case and to investigate and research a potential motion to suppress and to collect prior conviction records.

On February 9, 2012, the Grand Jury charged Damon Fish a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On February 24, 2012, Mr. Fish appeared before the magistrate court and was arraigned on the Indictment. Five days later, on February 29, 2012, the magistrate court detained Mr. Fish. Mr. Fish faces a maximum sentence of ten years

Stip. Req. To Continue Hearing Date and to
Exclude Time, No. CR-12-00086 YGR

imprisonment on this charge.

The parties are discussing plea negotiations and anticipate that this case will resolve short of trial. In the meantime, however, the defense requests that the Court continue this date because counsel for Mr. Fish needs additional time to complete its investigation to determine whether there is a sufficient legal and factual basis to present the Court with a motion to suppress the evidence recovered at Mr. Fish's arrest. For example, the defense has requested but has not yet obtained complete audio recordings from a witness in this case, including a call that was made to 911. It is the defense position that this witness's statement is critical to the issue of whether or not the officers who arrested and searched Mr. Fish had probable cause to do so. The defense also needs additional time to secure an interview with this witness and other potential witnesses. The defense investigator assigned to this case was unable to conduct interviews last month because she was occupied on another case that went to trial last week before the Honorable Claudia Wilken. Finally, the defense needs to continue to collect records and to research and assess the Guidelines and Mr. Fish's criminal history category. For these reasons, the defense requests additional time to prepare, and the parties agree that it is appropriate to continue this case until June 7, 2012.

The parties stipulate and agree that the ends of justice served by this continuance outweigh the best interest of the public and the defendant in a speedy trial. The parties further agree that the failure to grant this continuance would unreasonably deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Accordingly, the parties agree that the period of time from May 10, 2012 until June 7, 2012, should be excluded in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), for effective preparation of defense counsel, taking into account the exercise of due diligence.

DATED: May 8, 2012 /S/
ANDREW HUANG
Assistant United States Attorney

DATED: May 8, 2012 /S/
ANGELA M. HANSEN
Assistant Federal Public Defender

| | |
|---|---|
| 1 | **ORDER** |
| 2 | Based on the reasons provided in the stipulation of the parties above, the Court hereby |
| 3 | FINDS: |
| 4 | 1. Given that the defense needs additional time to investigate and to research a |
| 5 | potential motion to suppress; |
| 6 | 2. Given that the defense has requested but has not yet obtained all of the audio |
| 7 | recordings from a witness in this case, and given that a defense investigator assigned to this case |
| 8 | was unable to complete witness interviews last month because she was occupied on another case |
| 9 | that went to trial last week; |
| 10 | 3. Given that the defense needs additional time to collect records and to research and |
| 11 | assess the Guidelines and defendant's criminal history category; |
| 12 | 4. Given that these above-listed tasks are necessary for the defense preparation of |
| 13 | the case and that the failure to grant the requested continuance would unreasonably deny counsel |
| 14 | for defendant the reasonable time necessary for effective preparation, taking into account the |
| 15 | exercise of due diligence; and |
| 16 | 5. Given that the ends of justice served by this continuance outweigh the best |
| 17 | interest of the public and defendant in a speedy trial; |
| 18 | Based on these findings, IT IS HEREBY ORDERED that the STATUS date of May 10, |
| 19 | 2012, scheduled at 2:00 p.m., is vacated and reset for June 7, 2012, at 2:00 p.m. It is FURTHER |
| 20 | ORDERED that time is excluded pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) |
| 21 | and (B)(iv), from May 10, 2012 until June 7, 2012. |
| 23 | DATED: May 9, 2012 _____ |
| | YVONNE GONZALEZ ROGERS |
| 24 | United States District Judge |